J-S18039-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER R. KEPPARD, JR. | : | |
| | : | |
| Appellant | : | No. 1183 MDA 2025 |

Appeal from the Judgment of Sentence Entered July 16, 2025
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s):  CP-66-CR-0000185-2024

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: JULY 29, 2026**

Appellant, Walter R. Keppard, Jr., appeals from the aggregate judgment of sentence of 22 to 168 months of incarceration followed by 24 months of probation imposed after he pleaded guilty to one count each of sexual abuse of children, unlawful contact with a minor, terroristic threats, and corruption of minors.[1]  On appeal, Appellant challenges the discretionary aspects of his sentence.  After review, we affirm, in part, vacate in part, and remand for resentencing.

The record reflects that on November 13, 2024, Appellant was charged with numerous crimes including kidnapping, endangering the welfare of children, corruption of minors, possession with intent to deliver a controlled

---

[1] 18 Pa.C.S. §§ 6312(d), 6318(a)(1), 2706(a)(1), and 6301(a)(1)(i), respectively.

substance, criminal use of a communication facility, indecent assault, and 100 counts of sexual abuse of children (possessing child pornography). *See* Criminal Information, 11/13/24, at 1-19. The Commonwealth and Appellant subsequently reached an agreement where Appellant would enter open guilty pleas to one count each of sexual abuse of children, unlawful contact with a minor, terroristic threats, and corruption of minors. *See* Written Guilty Plea Agreement, 2/26/25, at 1-3. At Appellant's guilty plea hearing, the Commonwealth stated that if this matter proceeded to trial, it would prove beyond a reasonable doubt the following:

> With respect to the offense of sexual abuse of children[,] the Commonwealth would prove that on or about July 4th, 2024, in Tunkhannock Borough, Wyoming County, Pennsylvania, [Appellant] did intentionally view or knowingly possess between two hundred and five hundred images depicting pubescent children who are under the age of eighteen years engaging in prohibited sexual acts. This constitutes the offense of sexual abuse of children under [18 Pa.C.S. § 6312(d)]. A felony of the third degree, one count.

> With respect to unlawful contact with a minor, the Commonwealth would prove beyond a reasonable doubt that on or about March 10th, 2021, in Tunkhannock Borough, Wyoming County, [Appellant] handcuffed a minor, whose initials are J.P., to a pole in his basement without his consent for approximately thirty minutes stating he was going to sexually violate him and [Appellant] then did place his hand on the minor, J.P.'s penis who was at that time less than eighteen years of age. … This would constitute the offense of unlawful contact with a minor under [18 Pa.C.S. § 6318(a)(1)], a felony of the third degree. One count.

> With respect to the offense of terroristic threats, the Commonwealth would prove beyond a reasonable doubt that on or about June 26th, 2024, in Tunkhannock Borough, Wyoming County, Pennsylvania, [Appellant] did communicate a threat to the victim whose initials are O.L., stating that he would shred him

into pieces as well as everyone that O.L. knows. The Commonwealth contends this … constitutes … terroristic threats under [18 Pa.C.S. § 2706(a)(1)], a misdemeanor of the first degree, one count.

And finally, with respect to corruption of minors, the Commonwealth would prove beyond a reasonable doubt that on or about August 11th, 2024, in Tunkhannock Borough, Wyoming County, Pennsylvania, [Appellant] being of the age of eighteen years or older[2] did deliver alcohol and marijuana, which is a controlled substance[,] to a juvenile whose initials are D.H.[,] who was less than eighteen years of age at the time, which corrupt- or intended to corrupt the morals of the victim. This would constitute ... the offense of corruption of minors under [18 Pa.C.S. § 6301(a)(1)(i)], a misdemeanor of the first degree. One count.

N.T., Plea Hearing, 2/26/25, at 26-28 (some formatting altered). Appellant did not object to or challenge the facts set forth by the Commonwealth, and the trial court accepted Appellant's guilty plea. *Id.* at 32.

Appellant's sentencing hearing was held on July 16, 2025. For sexual abuse of children, the trial court sentenced Appellant to a term of ten to eighty-four months of incarceration in a state correctional institution, with credit for 380 days of time already served. N.T. (Sentencing), 7/16/25, at 15-16; Sentencing Order (sexual abuse of children), 7/16/25, at 1-2. For unlawful contact with a minor, the trial court sentenced Appellant to a term of twelve to eighty-four months in a state correctional institution, to be served consecutively to the sentence imposed for sexual abuse of children. N.T., 7/16/25, at 17-18; Sentencing Order (unlawful contact with a minor),

_____

[2] Appellant's date of birth is April 22, 1968, and he was 57 years old at the time of sentencing. *See* Criminal Complaint, 7/9/24, at 1; N.T., 7/16/25, at 7.

7/16/25, at 1-2. With respect to corruption of minors, the trial court sentenced Appellant to twenty-four months of probation, to be served consecutively[3] to the sentence of incarceration imposed for unlawful contact with a minor. N.T., 7/16/25, at 18-19; Sentencing Order (corruption of minors), 7/16/25 (single page). Finally, for terroristic threats, the trial court sentenced Appellant to twenty-four months of probation, to be served concurrently[4] with the incarceration sentence imposed for sexual abuse of children. N.T., 7/16/25, at 19-20; Sentencing Order (terroristic threats), 7/16/25 (single page). This resulted in an aggregate sentence of 22 to 168 months of incarceration, followed by 24 months of probation.[5]

_____

[3] Although the notes of testimony from Appellant's sentencing hearing reflect that the sentence of probation for corruption of minors was to be served concurrently with Appellant's incarceration, the written sentencing order states that the sentence of probation for corruption of minors was to be served consecutively to incarceration. **Compare** N.T., 7/16/25, at 18-19, **with** Sentencing Order, 7/16/25 at 1 (corruption of minors). The written sentencing order controls. **See Commonwealth v. Brooker**, 103 A.3d 325, 329 n.4 (Pa. Super. 2014) (stating that "[i]t is axiomatic that if there is a conflict between the sentence imposed in open court versus that contained in the trial court's written order, the sentence in the written sentencing order controls").

[4] **See, e.g., Commonwealth v. Jennings**, 351 A.3d 1215 (Pa. Super. 2026) (holding that a sentence which included concurrent terms of probation and total confinement was permissible, and not an illegal sentence).

[5] Additionally, Appellant was required to register as a sex offender under the Sexual Offense Registration and Notification Act (SORNA) for 25 years as a Tier II offender. **See** Trial Court Opinion, 10/22/25, at 4; N.T., 7/16/25, at 18.

On July 25, 2025, Appellant filed a post-sentence motion seeking reconsideration of his sentence, which the trial court denied on July 29, 2025. This timely appeal followed. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue:

1. Did the trial court impose manifestly excessive sentences on Counts 1 and 2, individually and separately, by imposing the maximum sentence allowable at law as the maximum sentence, where each sentence reflects a failure to consider the mitigating evidence, [Appellant's] background, and the fact that he is subject to registration under SORNA II for a period of 25 years, thereby failing to comply with 42 Pa.C.S.A. § 9721(b), in particular the need for such a lengthy maximum sentence on each count for the "protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant," and failed to impose an individualized sentence?

Appellant's Brief at 3.

Appellant's challenge implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).... Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003)....
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, the record reflects that Appellant preserved his issue by raising it in a post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. Additionally, we conclude that Appellant's issue presents a substantial question for our review. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question"); ***Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009) (explaining that "an averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question").

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

**Raven**, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant[.]" ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." ***Id.*** at 848 (citation omitted). However, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted); 42 Pa.C.S. § 9725.

We note that balancing the sentencing factors is the "sole province" of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where [the] lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted). The sentencing court "has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to 'view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime.'" ***Commonwealth v. Edwards***, 194

A.3d 625, 637 (Pa. Super. 2018) (citation omitted). Finally, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Id.* at 638 (citation omitted and formatting altered).

Here, Appellant contends that the trial court imposed manifestly excessive sentences for sexual abuse of children and unlawful contact with a minor, focusing on the seriousness of the crimes, and failing to consider mitigating factors. *See* Appellant's Brief at 27-36. Appellant argues that the trial court abused its discretion when it imposed sentences of 10 to 84 months of incarceration for sexual abuse of children and 12 to 84 months of incarceration for unlawful contact with a minor, where, although the minimum sentence for each count was in the standard range of the sentencing guidelines, the maximum sentence imposed was the statutory maximum term of 84 months. *See id.* at 32-36.

In its Rule 1925(a) opinion, the trial court stated:

At the time of sentencing and as was placed on the record, this court explained that the sentence for possession of child pornography [(sexual abuse of children)] was in the standard range [of the] guidelines because any less of a sentence would depreciate the seriousness of [Appellant's] actions and [Appellant's] actions perpetuated the production of child pornography. ([N.T., Sentencing] 7/16/25, pp. 16-17, lines 23-3). Next, the court explained at the time of sentencing for unlawful contact with a minor, stating that the sentence was in the standard range [of the] guidelines because any less of a sentence would depreciate the seriousness of [Appellant's] actions, and [Appellant's] actions giving rise to this offense will

have a lasting effect on the victims. ([N.T., 7/16/25, p. 18, lines 17-21).

Trial Court Opinion, 10/22/25, at 6 (some formatting altered). Although the trial court's opinion fails to provide much detail regarding its rationale, we must note that the record as a whole reflects that the trial court was apprised of and considered the nature and circumstances of the crimes, Appellant's history, statements from the victims, the sentencing guidelines, and importantly, the court was informed by a PSI report. **See** N.T., 7/16/25, at 7-20.[6]

Because the trial court had the benefit of a PSI report at the time of sentencing, we presume that the trial court was aware of all appropriate sentencing factors and considered them when imposing Appellant's sentence. **Edwards**, 194 A.3d at 638; **see also Kurtz**, 294 A.3d at 536 (explaining that where the sentencing court had the benefit of a PSI report, it is presumed the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors, and while a defendant may argue "that the trial court did not give sufficient weight to … mitigating factors, all the Sentencing Code requires is that the court consider all of the relevant factors when imposing the sentence"). As stated above, this Court will not re-weigh the trial court's

_____

[6] The record further reflects that the Commonwealth argued for the 84-month maximum sentences "in light of the type of crimes and the manner of these crimes in particular, showing particular manipulation and fear, instilling fear in these [minor victims] and actually handcuffing one of them to a pole in his basement." N.T., 7/16/25, at 13-14.

considerations of sentencing factors on appeal. ***Kurtz***, 294 A.3d at 536; ***see also Macias***, 968 A.2d at 778 (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of the sentencing court where the sentencing court was fully aware of relevant sentencing factors).

Here, the trial court considered the factors set forth in 42 Pa.C.S. § 9781(d), including the nature and circumstances of the crimes, Appellant's history, the PSI report, and the sentencing guidelines, and we discern no basis upon which to conclude that Appellant's sentence was clearly unreasonable. ***See*** N.T., 7/16/25, at 7-20; ***see also Raven***, 97 A.3d at 1253-54. While Appellant may view his sentence as harsh, we must afford the trial court a great degree of deference in its sentencing decisions. ***Edwards***, 194 A.3d at 637.

However, we must address *sua sponte* the legality of Appellant's sentence for sexual abuse of children, as the trial court failed to impose the mandatory term of probation pursuant to 42 Pa.C.S. § 9718.5. ***See Commonwealth v. Armolt***, 294 A.3d 364, 376 (Pa. 2023) (stating "[a]n appellate court may address, and even raise *sua sponte*, challenges to the legality of an appellant's sentence even if the issue was not preserved in the trial court"). Section 9718.5 provides, in relevant part, as follows:

> **(a) Mandatory probation supervision after release from confinement.**--A person who is convicted in a court of this Commonwealth of an offense under section 9799.14(d) (relating to sexual offenses and tier system) shall be sentenced to a

mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court.

**(b) Imposition.**--The court may impose the term of probation required under subsection (a) in addition to the maximum sentence permitted for the offense for which the defendant was convicted.

**(c) Authority of court in sentencing.**--There shall be no authority in a court to impose on an offender to which this section is applicable a lesser period of probation than provided for under subsection (a). Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory period of probation provided under this section.

42 Pa.C.S. § 9718.5.

Appellant's conviction for the sexual abuse of children is a Tier III offense pursuant to 42 Pa.C.S. § 9799.14(d). "When a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction." *Commonwealth v. Vasquez*, 744 A.2d 1280, 1284 (Pa. 2000). Because Section 9718.5 is mandatory, the trial court was required to impose the three-year consecutive probationary term, rendering Appellant's current sentence for sexual abuse of children illegal.

Accordingly, while we affirm the incarceration portion of Appellant's sentence in its entirety, we vacate the sentences of probation, and we remand to the trial court to reimpose the probationary portion of Appellant's sentence to include the mandatory three-year period of consecutive probation for sexual abuse of children pursuant to Section 9718.5.

Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/29/2026